UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MARIA A. COLOSI,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**DECISION AND ORDER**

1:18-CV-01496 EAW

## **INTRODUCTION**

Represented by counsel, plaintiff Maria A. Colosi ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 9; Dkt. 14), and Plaintiff's reply (Dkt. 15). For the reasons discussed below, the Commissioner's motion (Dkt. 14) is denied, Plaintiff's motion (Dkt. 9) is granted in part, and this matter is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed her application for SSI on May 29, 2015, and her application for DIB on June 11, 2015. (Dkt. 8 at 15).[1] In her applications, Plaintiff alleged disability beginning April 1, 2014, due to bipolar disorder. (*Id.* at 15, 380). Plaintiff's applications were initially denied on September 14, 2015. (*Id.* at 214-29). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Elizabeth Ebner on August 24, 2017, with Plaintiff appearing in Buffalo, New York, and the ALJ presiding over the hearing from the National Hearing Center, Falls Church, Virginia. (*Id.* at 15, 148-92, 233-35). On September 22, 2017, the ALJ issued an unfavorable decision. (*Id.* at 12-30). Plaintiff requested Appeals Council review; her request was denied on October 24, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-7). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the

ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2017. (Dkt. 8 at 17). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since April 1, 2014, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of depression, anxiety, bipolar disorder, history of substance and alcohol abuse, "status post right foot surgery," and migraine headaches. (*Id.* at 18).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). The ALJ particularly considered the requirements of Listings 1.02, 12.04, and 12.08 in reaching this conclusion. (*Id.* at 18-19).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the limitations that:

> [A]fter every 45 minutes of standing must sit for one to two minutes without going off-task or leaving the work station; with occasional use of foot controls; occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; cannot work at unprotected heights or be exposed to dangerous moving mechanical parts; is limited to simple repetitive routine tasks but not an assembly line pace; is limited to simple work-related decisions; with occasional interactions with supervisors, co-workers, and the public; with occasional changes in the work setting; and would be off-task five percent of an eight-hour work day in addition to normal breaks.

(*Id.* at 19).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 24). At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of photocopying machine operator, routing clerk, and inspector. (*Id.* at 25-26). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of the ALJ's decision. (*Id.* at 6).

## II. Remand of this Matter for Further Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that: (1) the ALJ failed to properly apply the treating physician rule in assessing the opinions of treating psychologist Dr. Lynn O'Connor; (2) the ALJ's RFC finding was unsupported by competent medical opinion; and (3) the ALJ failed to present the VE with a hypothetical incorporating all of the limitations in the RFC assessment, resulting in a step five finding unsupported by substantial evidence. (Dkt. 9-1 at 22-31). For the reasons discussed below, the Court concludes remand is necessary because the ALJ failed to properly apply the treating physician rule in assessing Dr. O'Connor's opinions.

### A. The ALJ Failed to Appropriately Assess Dr. O'Connor's Opinions

Because Plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he or she "must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Id.* "An ALJ's failure to explicitly apply the[se] . . . factors when assigning weight at step two is a procedural error." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quotation omitted). However, such error is harmless if "a searching review of the record" confirms "that the substance of the treating physician rule was not traversed." *Id.* (quotations omitted).

An ALJ must "give good reasons in [her] notice of determination or decision for the weight [she gives to the] treating source's medical opinion." 20 C.F.R. § 404.1527 (c)(2); *see also Harris v. Colvin*, 149 F. Supp. 3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that 'the Commissioner "will always give good reasons"' for the weight given to a treating source opinion." (quoting *Halloran*, 362 F.3d at 32)). "Those

good reasons must be supported by the evidence in the case record, and must be sufficiently specific. . . ." *Harris*, 149 F. Supp. 3d at 441 (internal quotation marks omitted).

In this case, Dr. O'Connor, who had been treating Plaintiff since 2011, authored a letter regarding Plaintiff on July 13, 2015. (Dkt. 8 at 658-59). Dr. O'Connor further issued a medical source statement on August 14, 2015, and authored a letter update on August 21, 2017. (*Id.* at 575-77, 657). The ALJ considered these opinions in assessing Plaintiff's RFC, stating that:

> I afford weight to most of Dr. O'Connor's opinions, as they are consistent with the medical evidence of record. The record infers that the claimant has significant mental health limitations, which affects her abilities (which are address [sic] in the residual functional capacity). Nevertheless, the evidence fails to support her opinion that the claimant cannot work fulltime. The claimant has worked after the alleged onset date on several occasions. The claimant wants to work and has taken strikes in accomplishing this goal. She is currently in school and has no plans to quit due to pressure of exams or social contact. Therefore, although I afford weight to some of Dr. O'Connor's opinions, the record does not support her opinion that the claimant is incapable of working fulltime.

(*Id.* at 22-23).

The Court agrees with Plaintiff that this cursory assessment of Dr. O'Connor's opinions fails to comport with the treating physician rule. While the ALJ purported to give "weight" to "most of Dr. O'Connor's opinions" (*Id.* at 22), the RFC assessment fails to incorporate limitations identified by Dr. O'Connor. Most significantly, Dr. O'Connor opined that Plaintiff would have no ability to work in coordination or proximity with others without being unduly distracted by them and no ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes. (*Id.* at 576). However, the ALJ assessed Plaintiff with the ability to occasionally interact with co-

workers, supervisors, and the public, which in this context means up to one-third of the time. *See* SSR 96-9P, 1996 WL 374185 (S.S.A. July 2, 1996) ("'Occasionally' means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday."). The ALJ offered no explanation for her rejection of this portion of Dr. O'Connor's opinion. This was a factually significant omission, as the VE testified that having no ability to work in coordination or proximity with others without being unduly distracted by them or no ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes would affect an individual's ability to maintain competitive employment. (Dkt. 8 at 190).

Further, the ALJ failed to articulate good reasons for rejecting Dr. O'Connor's opinion that Plaintiff's psychological symptoms would prevent her from completing a standard workweek. Notably, the ALJ did not rely upon any contradictory medical opinion in making this assessment. Instead, the ALJ stated that Plaintiff wanted to work, had attempted to work on several occasions after her alleged onset date, and was in school with no plans to quit. (Dkt. 8 at 22-23). As to Plaintiff's work after her alleged onset date, that work was determined to be a "unsuccessful work attempt." (Dkt. 8 at 17). The Commissioner's regulations state that unsuccessful work attempts "will not show that you are able to do substantial gainful activity." 20 C.F.R. § 404.1574(a)(1). If anything, the fact that Plaintiff wanted to work and tried to work but was not able to do so successfully is evidence that her impairments prevent her from maintaining employment.

Further, the fact that Plaintiff was in beauty school part-time was not sufficient to warrant disregarding the opinion of her treating psychologist. As the ALJ noted, Plaintiff

indicated that she attended classes for only 17 hours per week. (Dkt. 8 at 20). The ALJ offered no explanation for how an ability to attend classes 17 hours per week is evidence of an ability to engage in work activities on a fulltime (*i.e.* 40 hours per week) schedule. *See Silva v. Saul*, No. 18-CV-6206 CJS, 2019 WL 2569595, at *5 (W.D.N.Y. June 21, 2019) ("[T]he fact that a claimant attended college is not necessarily indicative of an ability to work on a sustained basis, or inconsistent with a treating doctor's opinion that the claimant is disabled."). The reasons identified by the ALJ for rejecting Dr. O'Connor's opinion do not rise to the level of the requisite "good reasons."

For all these reasons, the Court agrees with Plaintiff that the ALJ failed to apply the treating physician rule, either explicitly or in substance, in assessing Dr. O'Connor's opinions. Remand for further proceedings in which Dr. O'Connor's opinions are weighed appropriately is necessary.

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional alleged errors that she maintains necessitate remand. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Insalaco v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 401, 410 (W.D.N.Y. 2019) (declining to reach additional arguments where the court had determined remand for further administrative proceedings was necessary); *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL

7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach remaining arguments where the court had already determined remand was warranted).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 14) is denied, Plaintiff's motion for judgment on the pleadings (Dkt. 9) is granted in part, and the matter is remanded for further administrative proceedings consistent with this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   January 30, 2020
         Rochester, New York